Dear Mr. Berkemeyer:
This opinion letter is in response to your question concerning the term of office of the city marshal and the city collector for the City of Bland. You state your question as follows:
 The City of Bland has provided for by ordinance that the same person shall be elected as marshal and collector at the same election and hold both offices. This is pursuant to Section 79.050, RSMo, both as previously enacted and as amended by House Bill 1531 in 1988. In the previous bill all the terms of offices were for two years and therefore there was no problem of coinciding with elections. However, in the 1988 amendment to Section 79.050 the term of city marshal was extended to four years while the term of city collector was continued at two years. Thus our question arises, since the marshal was elected in 1988 for a period of four years and the collector for presumably a period of two years, which term prevails and how is that determined?
Section 79.050 as enacted by House Bill No. 785, 85th General Assembly, First Regular Session (1989) (hereinafter "House Bill No. 785"), provides:
 79.050. 1. The following officers shall be elected by the qualified voters of the city, and shall hold office for the term of two years, except as otherwise provided in this section, and until their successors are elected and qualified, to wit: Mayor and board of aldermen. The board of aldermen may provide by ordinance, after the approval of a majority of the voters voting at an election at which the issue is submitted, for the appointment of a collector and for the appointment of a chief of police, who shall perform all duties required of the marshal by law, and any other police officers found by the board of aldermen to be necessary for the good government of the city. The marshal or chief of police shall be twenty-one years of age or older. If the board of aldermen does not provide for the appointment of a chief of police and collector as provided by this section, a city marshal, who shall be twenty-one years of age or older, and collector shall be elected, and the board of aldermen may provide by ordinance that the same person may be elected marshal and collector, at the same election, and hold both offices and the board of aldermen may provide by ordinance for the election of city assessor, city attorney, city clerk and street commissioner, who shall hold their respective offices for a term of two years and until their successors shall be elected or appointed and qualified, except that the term of the city marshal shall be four years.
 2. The board of aldermen may provide by ordinance that the term of mayor and of the collector shall be four years. Any person elected as mayor or collector after the passage of such an ordinance shall serve for a term of four years and until his successor is elected and qualified. [Emphasis added.]
The provision in this statute at the end of subsection 1 providing that the term of the city marshal shall be four years was added by the General Assembly in 1988. See House Bill No. 1531, 84th General Assembly, Second Regular Session (1988). House Bill No. 1531 was effective August 13, 1988. Subsection 2 of this statute was added by the General Assembly in 1989.See House Bill No. 785.
We assume the election in 1988 to which you refer occurred in April, 1988. Section 79.030, RSMo 1986 and as enacted by House Bill No. 785 provides that the election for the elective officers of a fourth class city shall be held on municipal election days. Section 115.121, RSMo 1986, provides that municipal election day shall be the first Tuesday in April each year. Therefore, we assume that the election for city marshal to which you refer in your question occurred in April, 1988 which was prior to the effective date of House Bill No. 1531 (August 13, 1988) extending the term of the city marshal from two years to four years.
Article VII, Section 13 of the Missouri Constitution provides:
 Section 13. Limitation on increase of compensation and extension of terms of office. The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
[Emphasis added.]
At the time of the April, 1988 election for city marshal, the applicable statute provided a term of two years. Therefore, despite the statutory change later in 1988, the marshal elected in April, 1988 was elected for only a two year term.
The amendment to Section 79.050 in 1989 adding subsection 2 will eliminate the problem about which you are concerned for many fourth class cities. Because the board of aldermen, pursuant to this subsection, may provide by ordinance for a four year term for a collector, those cities which enact such an ordinance and elect the marshal/collector in 1990, will have no problem with the terms of the marshal and collector ending at the same time. See also Section 79.030 which was amended by House Bill No. 785 in 1989 to add the following phrase, "except that cities may provide by ordinance that beginning with the election of a collector after January 1, 1990, collectors shall be elected every four years."
Turning to those cities which do not enact an ordinance as authorized by subsection 2 of Section 79.050 and Section 79.030, we have two possible situations depending on the ordinances of the city. Section 79.050 authorizes the board of aldermen to provide by ordinance that the same person may be elected marshal and collector at the same election and hold both offices. Under the plain words of this statute, the same person may run for the office of marshal for a four-year term and run for the office of collector for a two-year term. If this person wins the election for each office, that person serves as collector for a two-year term and as marshal for a four-year term. After two years have expired, another election is held for the office of collector. That person may or may not win another term for the office of collector. If that person is defeated for collector after having served a two-year term, that person no longer is the collector but has two years remaining on his term as marshal and continues to hold the office of marshal for the remaining two years of the original four-year term.
A second possibility relates to Section 79.330, RSMo 1986, which allows a city to combine the offices of marshal and collector. Such section provides:
 79.330. Offices of marshal and collector may be consolidated. — The board of aldermen may by ordinance provide that hereafter the same person shall hold the offices of marshal and collector, in which case his official title shall be "marshal and ex officio collector".
A city may have pursuant to this section, a "marshal and ex officio collector." This title indicates that the person has been elected marshal and by virtue of his election to that office holds the office of collector. Ex officio is defined as "[b]y virtue of the office, . . . ." 32A C.J.S. definition Ex officio. Therefore, if the city by ordinance has provided for the office of "marshal and ex officio collector," this person serves the term provided for the city marshal which is four years.
In summary, using the assumptions stated previously, the person elected city marshal in 1988 serves a two year term. The term of a city marshal and collector elected subsequent to the 1988 municipal election will depend on the ordinances of the city.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General